Filed 5/28/26  In re Steven T. CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| In re STEVEN T., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,  Plaintiff and Respondent,  v.  STEVEN T.,  Defendant and Appellant. | A174040  (Contra Costa County Super. Ct. No. J2300295) |

Steven T., who is confined at a secure youth treatment facility, appeals from a six-month review order under Welfare and Institutions Code[1] section 875.  Steven's appointed appellate counsel filed a brief seeking our independent review of the record for arguable issues pursuant to *People v. Wende* (1979) 25 Cal.3d 436.  Counsel apprised Steven of his right to file a supplemental brief, but he did not do so.  Having reviewed the record, we find no arguable issues and affirm. [2]

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[2] We grant Steven's request that we take judicial notice of the clerk's transcript filed on August 15, 2024, in Steven's appeal from the juvenile court's July 2024 order (A171002).

## BACKGROUND

In January 2024, after then-16-year-old Steven T. pled no contest to kidnaping (Pen. Code., § 207), with an enhancement for infliction of great bodily injury (Pen. Code, § 12022.7, subd. (a)), the juvenile court adjudged him a ward of the court and committed him under Welfare and Institutions Code section 875 to the Briones Youth Academy (BYA), a secure youth treatment facility, with a baseline term of confinement of five years.  This court affirmed the disposition in a prior appeal.  (*In re Steven T.* (Feb. 20, 2025, A169884) [nonpub. opn.].)

Section 875, subdivision (e), required the juvenile court to hold review hearings at least every six months to evaluate Steven's rehabilitative progress and determine whether to modify his baseline term of confinement. In July 2024, the juvenile court conducted Steven's first six-month review hearing and issued an order that praised him for his progress but denied his request for a baseline term reduction.  We affirmed the order.  (*In re Steven T.* (Sept. 24, 2025, A171002 [nonpub. opn.].)  In January 2025, the juvenile court conducted Steven's second six-month review hearing and reduced his baseline term of confinement by 60 days based on the probation department's positive report, Steven's progress, and the programming he still needed to complete.  (*In re Steven T.* (Oct. 17, 2025, A172664 [nonpub. opn.].)  We affirmed that order as well.  (*Ibid.*)

On July 17, 2025, the juvenile court conducted Steven's third six-month review hearing, resulting in the order from which Steven now appeals.  The court read and considered the probation department's report; it admitted into evidence a letter from the victim and a compilation of logs and essays by Steven; and it heard from the People, Steven's counsel, a probation officer, an adaptive living skills instructor working with Steven, and Steven himself.

2

The probation report stated that Steven generally had maintained good behavior, but it also disclosed that Steven had misused a computer. As a result, Steven was returned to a more restrictive housing unit. During the time of the housing change, Steven had made various concerning statements, including the following: "I've gotten worse since being here. Not better. None of us are going to change. We are all going to get out and do the same thing, including me." Steven later apologized for the computer incident and reported that he was in a better mental space.

At the hearing, Steven made several requests. First, he asked for a five-and-a-half-month reduction in his baseline term of confinement. The probation department recommended two and a half months, and the People asked the court for no reduction. Second, he asked for more in-person visitation with family. In response to questions from the court, the probation officer explained that the probation department made case-by-case determinations about such visits based on staffing, requests from other wards, and whether the request fit with the ward's programming. Third, he asked for in-person or Zoom meetings with a high school friend. The probation officer stated that the department would need to review whether in-person visits with the friend would be appropriate at this stage in Steven's programming and given that Steven was in a more restrictive housing unit. Neither the probation officer nor the People objected to Zoom meetings with the friend.

The juvenile court ruled as follows. It reduced Steven's baseline term of confinement by 30 days, not by the five and a half months Steven had requested. The court explained that it was troubled by Steven's comments, and it found that Steven's mental health issues would still require significant time to address. The court also directed the probation department (1) to

3

ensure that Steven's therapist was aware of Steven's concerning statements and (2) to confirm in its next report that the therapist and Steven were addressing the statements. And it authorized the probation department to arrange Zoom meetings between Steven and his friend. It did not rule on Steven's request for increased in-person visitation with family or in-person meetings with the friend, effectively leaving those matters to the probation department's discretion.

## DISCUSSION

Upon our review of the record, we find no arguable issue relating to the court's rulings.

We first address the juvenile court's reduction of Steven's baseline term of confinement by 30 days instead of by five and a half months, as Steven had requested. At each six-month review hearing under section 875, subdivision (e)(1), the juvenile court has the discretion to reduce a ward's baseline term by no more than six months. (*In re Tony R.* (2023) 98 Cal.App.5th 395, 414 [order issued under section 875, subdivision (e), is reviewed for abuse of discretion].) Here, the record demonstrates that the juvenile court considered the proper factors and made a reasoned decision based on the record before it. (§ 875, subd. (e)(1)(A) ["[t]he court shall consider the recommendations of counsel, the probation department and any behavioral, educational, or other specialists having information relevant to the ward's progress"].) We find no arguable issue.

Next, regarding the juvenile court's directions to the probation department about Steven's statements, section 775 authorizes the court to change or modify an order concerning a ward "as the judge deems meet and proper." (See also *In re D.N.* (2022) 14 Cal.5th 202, 207; *In re Greg F.* (2012) 55 Cal.4th 393, 411 ["[T]he juvenile court has long enjoyed great discretion in

4

the disposition of juvenile matters . . ."].)  The record suggests no basis for finding that the juvenile court abused its discretion by directing the probation department make Steven's therapist aware of Steven statements and to confirm in its next report that Steven and the therapist were addressing the statements.  The court expressly instructed that the department should not include privileged information in its report.  Steven's statements related to the actions that brought him under the jurisdiction of the court and state of his rehabilitation.  The order was reasonable.

Lastly, the record suggests no basis for finding that the juvenile court abused its discretion by leaving in-person visitation requests in the hands of the probation department.  While a juvenile court maintains review of a probation department's decisions, a court may properly cede to the department "responsibility for the 'day-to-day supervision and control over [the minor.]' " (*In re I.M.* (2020) 53 Cal.App.5th 929, 933–934.)

Having reviewed the record pursuant to *People v. Wende, supra*, 25 Cal.3d 436, we find no issues requiring further briefing.

## DISPOSITION

The six-month review order issued on July 17, 2025, is affirmed.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.

5